UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ,<br>#20483 | )<br>)<br>) |
| Plaintiff, | )   3:10-cv-00373-LRH-VPC |
| vs. | ) |
| STATE OF NEVADA, *et al.*, | )   **ORDER**<br>) |
| Defendants. | )<br>) |

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2010 (ECF #1). At that time, plaintiff was also litigating another civil rights action that he commenced on November 16, 2006. *See Fernandez v. State of Nevada, et al.*, 3:06-cv-00628-LRH-WGC. A settlement agreement was reached in that matter, "*Fernandez I*," on or about February 3, 2011 (*See* ECF #577 at 1).[1] It appears from the court's preliminary review of the complaint in the instant action, "*Fernandez II*," that plaintiff has set forth claims that arise from the same review and then lack of review of his status as a sex offender at a high risk to reoffend and of his eligibility for parole, and from the same psychological panel and parole board hearings (or lack thereof) for the same time period of about March 2006 to sometime between March and May 2009.

---

[1] The parties reached a settlement agreement on February 3, 2011, which was signed on February 24, 2011. *See Fernandez v. State of Nevada, et al.*, 3:06-cv-00628-LRH-WGC, ECF #610. Both plaintiff and defendants filed motions to enforce the settlement agreement. *Id.*, plaintiff - ECF #s 564, 571; defendants - ECF #577. On August 13, 2012, the District Court adopted the Magistrate Judge's Report and Recommendation granting defendants' motion to enforce the settlement agreement and denying plaintiff's motion to enforce the settlement agreement. *Id.*, ECF #660. Plaintiff filed a notice of appeal on September 7, 2012, which is pending before the Ninth Circuit Court of Appeals. *Id.*, ECF #674.

Accordingly, the court orders that plaintiff shall show cause and file such proof as he may have to demonstrate what claims in *Fernandez II*, if any are different from the claims set forth in *Fernandez I*. The court encourages plaintiff to use a "list" format and simply list specifically any claims that he has set forth in *Fernandez II* that he did not already set forth in *Fernandez I*. Plaintiff shall state how specifically the constitutional claims are different, including whether they occurred at a different time. Plaintiff shall state whether any claims in *Fernandez II* are not the same claims that the parties compromised on in reaching the settlement agreement in *Fernandez I*. If plaintiff explains with specificity how he has set forth new claims in *Fernandez II*, he shall address why the two actions should not be consolidated in some manner.

Defendants shall respond, with specificity, to plaintiff's response to this order.

**IT IS THEREFORE ORDERED** that plaintiff shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the claims in this action are distinct from the claims he set forth and litigated in *Fernandez v. State of Nevada, et al.*, 3:06-cv-00628-LRH-WGC and/or why this action should not be consolidated with the earlier action in some way.

**IT IS FURTHER ORDERED** that if plaintiff files such proof, defendants shall have **twenty (20) days** to file a response to plaintiff's proof.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint (ECF #6) on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

2. The Attorney General's Office shall advise the court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of responding to this order. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

3. If, after the issues raised in this order are resolved, the court issues a Screening Order that concludes that the complaint in this action states claims for which relief may be granted, this case shall be stayed for ninety (90) days to allow plaintiff and defendant(s) an

opportunity to settle their dispute before an answer is filed, or the discovery process begins. If this case becomes subject to a stay, that shall be set forth in the Screening Order.

DATED this 19th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE