UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ, | Case No.  3:10-CV-0373-LRH (VPC) |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant. | |

Before the court are thirteen motions concerning discovery in this case. Given the flurry of motions, the court's calendar, and the current scheduling order in this action, the court issued an order staying all deadlines and proceedings until further order of the court (#150). The court now considers the motions in the order in which they were filed, unless otherwise noted.

**I.    Discovery Motions**

*A.    Plaintiff's motion to extend limited time for discovery (#110)*

Plaintiff asks the court to extend discovery for the limited purpose of propounding discovery to the State of Nevada and the Nevada Department of Corrections ("NDOC"). Defendants opposed (#115) and plaintiff replied (#124). Plaintiff's claims against the State of Nevada and NDOC are limited to an alleged violation of the Americans with Disabilities Act, but the proposed discovery concerns claims unrelated to these defendants. The discovery plaintiff seeks – the operation of the Psychological Review Panel – is not related to plaintiff's ADA claim. Plaintiff's motion is (#110) is denied.

> **B.    *Plaintiff's motion to compel defendants to comply with order #s 108/109 and supplement discovery responses (#116) and defendants' motion for reconsideration re: mental health records (#118)***

>> **1.    Compliance with or reconsideration of order concerning reviewing of plaintiff's mental health files**

The court first addresses its October 16, 2013 order, in which the court ordered that plaintiff could review his I-file and mental health records under certain protocols (#109). The court later granted defendants' request for an extension of time for plaintiff's medical records review (#123). In the interim, Bert Jackson, a Psychologist 2 employed by NDOC, reviewed plaintiff's mental health records and concluded that plaintiff's review of these records might have a negative effect on plaintiff's mental well-being (#118-1, Jackson Decl.). Therefore, Mr. Jackson did not approve plaintiff's review of his mental health records pursuant to Medical Directive 639.03. *Id.*

Plaintiff filed a motion to compel defendants to comply with this court's order (#116), and defendants, in turn, moved for reconsideration of that order in light of Mr. Jackson's assessment of plaintiff's mental health records (#118). Both motions were fully briefed.

>>> **a.    Standard for motion to reconsider**

Although some other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). See, e.g. *Henry v. Rizzolo*, No. 8-00635, 2010 WL 3636278, at *1 (D.Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8-0353, 2010 WL 1727841, at *1-2 (D.Nev. 2010)); see also *Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D.Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a strongly convincing nature in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003)). Moreover,

2

1 "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8-00891, 2010 WL 1462707 (D.Nev. April 12, 2010)) (internal citation and quotation marks omitted).

### b.    Analysis

Defendants contend that Mr. Jackson's declaration constitutes newly discovered evidence, which warrants reconsideration of the court's order. The court offers two comments. First, defendants should have undertaken a review and analysis of plaintiff's mental health records pursuant to Medical Directive 639.03 in advance of the October 2013 hearing to evaluate this precise issue. Second, Mr. Jackson discloses that he is a Psychologist 2, but fails to tell the court whether this job classification entitles him to make this decision under NDOC rules and directives.

The court believes, as it did in October, that plaintiff is entitled to access to his mental health records. Notwithstanding this view, the court modifies its prior order only to the extent that prior to the review, defendants shall prepare, and plaintiff shall sign, a limited waiver of liability allowing the review of mental health records.

Plaintiff's motion to compel (#116) and defendants' motion for reconsideration (#118) are granted in part and denied in part. After plaintiff signs the limited waiver, defendants shall make the arrangements as earlier ordered to enable plaintiff to review these records, and the review shall be completed no later than ten calendar days after plaintiff signs the waiver.

### C.    *Plaintiff's motion to compel supplemental responses to third request for production of documents (#116)*

Plaintiff requests that defendants be compelled to supplement their responses to his third request for production of documents Nos. 64, 68, 69, and 71. Each is addressed in turn.

### 1. Request No. 64

Request No. 64 seeks studies regarding the operation and decision-making process of the Nevada Parole Board. Defendants objected to this request, but nevertheless produced a 2010 Legislative Counsel Bureau audit of the Board of Parole Commissioners. Plaintiff contends there are additional studies that should have been included in this production, but the titles suggest that the studies concern the overall operation of the Nevada Parole Board, as opposed to information concerning plaintiff's claims of retaliation and violations of the Americans with Disabilities Act. Plaintiff's motion is denied as to Request No. 64.

### 2. Request Nos. 68 and 69

Request Nos. 68 and 69 seek recordings or logs of all of plaintiff's telephone calls that took place while he was incarcerated at NNCC from December 1, 2011 through January 17, 2013, because in one phone call during this time period, plaintiff's believes a family member allegedly relayed a conversation he or she had with someone at the Parole Board about the December 2011 Parole Board hearing.

Defendants' contention that this request is overly burdensome is well taken, and they offered to review phone records if plaintiff will provide the date on which the phone may have taken place. Plaintiff has leave to supply the date to defendants, and assuming there are logs or preserved recordings of such a call, defendants shall produce the information. Otherwise, plaintiff's motion is denied as to Request Nos. 68 and 69. Plaintiff shall provide the date of the phone call within ten calendar days of the date of this order; if he does so, defendants shall produce the requested information within thirty calendar days of the date of this order.

### 3. Request No. 71

Request No. 71 seeks a full copy of grievance number 2006-28-70049 and any attached memoranda. Defendants inadvertently claimed attorney-client privilege as to Request No. 70, when it should have been asserted as to Request No. 71. The attachment at issue is an email between NDOC personnel and the Attorney General's office (#126, Ex. E). Plaintiff claims that

through this inadvertence, defendants waived the privilege. The court disagrees, as it is clear from the record that defendants simply confused the responses; therefore, there is no waiver. Plaintiff's motion is denied as to Request No. 71.

    **D.**    *Plaintiff's motion to amend scheduling order (#125), plaintiff's motion for leave to supplement motion to amend the scheduling order (#134), and defendants' motion for enlargement of time to oppose docket #134 (#142)*

On November 22, 2013, plaintiff filed a motion to amend the scheduling order to allow plaintiff to file discovery motions. Defendants responded (#128) and plaintiff replied (#134). Plaintiff then filed a motion for leave to supplement the motion to amend scheduling order (#134). Next, defendants filed a motion for enlargement of time to oppose docket #134 (#142) In light of the court's order staying the scheduling order until further notice, the parties' motions (#s 125, 134 & 142) are denied as moot. The court will address the scheduling order below.

    **E.**    *Plaintiff's Rex Reed motions (#s 130, 131 & 132)*

Plaintiff filed three motions in one: (1) to extend the time to serve Rex Reed; (2) to compel the Attorney General to make inquiry as to Mr. Reed's current address; and (3) to personally serve Mr. Reed through summons and complaint or through publication.[1] Defendants requested and received an extension of time to file their responses, but did not do so because the court subsequently issued its order staying all proceedings (#150).

On September 6, 2013, plaintiff filed his second amended complaint and named Rex Reed as a defendant (#85). Defendants then submitted Rex Reed's last known address to the court (#87), and the court granted in part plaintiff's motion to issue and serve summons and complaint (#97). Plaintiff was ordered to complete the USM-285 service forms and return them to the U.S. Marshal for service. *Id*. He did so, and on November 7, 2013, the U.S. Marshal returned the summons and complaint as unexecuted and noted that "the subject does not live at the address given." (#112).

---

[1]Plaintiff is admonished that filing multiple motions in the guise of one motion is prohibited, and if plaintiff does so in the future, the motion will be stricken.

5

### 1.     Motion #131

The court denies plaintiff's motion to compel the Attorney General's Office to make further inquiry to obtain another address for Mr. Reed (#131). Neither the NDOC nor the Attorney General's Office is obliged to maintain a data base or updated information concerning the whereabouts of former employees; rather, they are required to file under seal the last known address of the former employee. Defendants did this, and the court will not require more.

### 2.     Motion #132

Plaintiff's motion to serve summons and complaint through personal service (#132) is denied as moot. The U.S. Marshals attempted personal service and could not locate Mr. Reed at his last known address. Plaintiff's motion for publication (#132) is also denied.

Plaintiff's affidavit does not contain facts sufficient to satisfy this court that service by publication is warranted. *See* Fed.R.Civ.P. 4(e)(1)(i). If plaintiff is serious about serving defendant Reed by publication, plaintiff must file a motion for publication of summons, accompanied by an affidavit setting forth the following details: (1) how plaintiff diligently attempted to locate this defendant other than relying on the NDOC and the Attorney General's Office; (2) the factual basis for plaintiff's belief that defendant Reed is attempting to avoid service; (3) the newspaper(s) in which plaintiff plans to publish the notice; and (4) why plaintiff reasonably believes that these particular newspaper(s) will provide effective notice. Plaintiff must bear the cost for this process. If plaintiff elects to file a motion for publication, he shall do so within ten calendar days. Should plaintiff decide to forego this process, plaintiff is directed to inform the court so that the court may dismiss Rex Reed pursuant to Federal Rule of Civil Procedure 4(m) no later than ten calendar days from the date of this order.

### 3.     Motion #130

The court will grant plaintiff a brief extension of time to file a motion to serve Mr. Reed through publication of summons and complaint; therefore, motion for an extension of time to serve Mr. Reed (#130) is granted. As noted above, if plaintiff wishes to file a motion for publication of summons and complaint with a supporting affidavit, he shall do so within ten

6

calendar days of the date of this order. As noted above, if plaintiff elects for forego this process, he is ordered to notify the court no later than ten calendar days from the date of this order so that Mr. Reed can be dismissed pursuant to Fed.R.Civ.P. 4(m).

Based upon the foregoing, plaintiff's motion (# 130) is granted in part, and plaintiff's motions (#s 131 and 132) are denied.

### F. *Plaintiff's motion to compel discovery responses and to comply with orders #s 108/109 (#143)*

Plaintiff served defendants with a fifth request for production of documents in October 2013, and defendants report that although responses to this request were partially drafted, it was not served on plaintiff (#149). It was only when plaintiff filed this motion to compel (#143) that defendants realized the error, and soon thereafter, they served the response (#149). In reply, plaintiff contends that the failure to file a timely response warrants a waiver of any objections that defendants asserted. The court disagrees. In this action, plaintiff has filed numerous discovery and pretrial motions, making it tremendously difficult for the court, and presumably defendants, to sort through the morass of motions to compel, motions to supplement, motions to enlarge time, motions to compel compliance with prior discovery orders, and so on. It is no wonder that defendants inadvertently overlooked finalizing one of the many, many motions plaintiff has filed. The court deems the delay to be excusable neglect and now turns to the merits of the motion.

#### 1. Plaintiff's fifth request for production of documents

As earlier noted, defendants responded to plaintiff's fifth request for production of documents and did so on December 17, 2013 (#149). Plaintiff filed his reply on January 2, 2014, and contended that because the responses were late, all objections should be deemed waived, but plaintiff did not address the substance of defendants' responses (#154). Notwithstanding this fact, the court has reviewed defendants' responses and denies plaintiff's motion to compel for the following reasons.

7

#### a. Request No. 1

Plaintiff requests copies of discovery from another case plaintiff has filed with this court, *Fernandez v. State of Nevada, et al.*, case no. 3:06-cv-628-LRH-RAM. The court agrees with defendants that these documents are equally available to plaintiff, and they are unrelated to this action. It is not defendants' obligation to provide plaintiff with copies of discovery in another of plaintiff's civil rights cases.

#### b. Request No. 2

Plaintiff requests copies of documents concerning plaintiff's interstate parole from California for the years 1992 through 2004. Defendants object based upon statutory privilege pursuant to N.R.S. § 213.1075 and because these documents will not lead to the discovery of admissible evidence. Defendants are correct. Plaintiff's claims in this case are narrow, and the court will not allow plaintiff to use this litigation as a tool to obtain records unrelated to his claims.

#### c. Request No. 3

Defendants produced the requested documents to plaintiff as Fernandez 373: NDOC 0418-0419.

#### d. Request No. 4

Plaintiff seeks production of administrative procedures and operational procedures that have been promulgated as a result of the 2013 amendments to N.R.S. § 213.1214 in Senate Bill 104. The court agrees with defendants that these documents will not lead to the discovery of admissible evidence because such procedures were enacted after the events giving rise to this lawsuit, and Senate Bill 104 has nothing to do with plaintiff's claims of retaliation, equal protection, or violations of the Americans with Disabilities Act. The response stands.

2. **Defendant Scholfield's supplemental responses to interrogatories**

The court ordered defendant Scholfield to supplement certain responses to interrogatories (#109), and he did so. Plaintiff now objects to those supplemental responses as deficient. The court has reviewed the supplemental responses, as well as Mr. Scholfield's answers to interrogatories No. 16 and 19 (#149). Mr. Scholfield has sufficiently provided responses to the interrogatories, and it is time for discovery in this case to come to an end. The supplemental answers stand.

Plaintiff's motion to compel (#143) is denied.

G. *Defendants' motion for enlargement of time to file dispositive motion (#148)*

In light of the court's order staying further proceedings in this action (#150), this motion is denied as moot.

**II.  Conclusion**

Discovery has ended, and this court will *sua sponte* strike any further requests to extend discovery in this case. The only pending motions that remain are plaintiff's objections to the District Court (#s 117, 133 & 139) and motions for extensions of time concerning the same (#s 141 & 152). After the District Court issues its orders concerning these objections, this court will re-set the deadline for the filing of dispositive motions and the joint pretrial order.

Based upon the foregoing, the court enters the following order with respect to the motions which are the subject of this order:

1. Plaintiff's motion to extend limited time for discovery (#110) is **DENIED**;

2. Defendants' motion for reconsideration re: mental health records (#118) is **GRANTED in part and DENIED in part** as state above;

3. Plaintiff's motion to compel supplemental responses to third request for production of documents (#116) is **DENIED and conditionally GRANTED in part as to Request Nos. 68 and 69;**

4. Plaintiff's motion for leave to amend scheduling order (#125) is **DENIED as moot;**

9

5. Plaintiff's motion for leave to supplement motion to amend scheduling order (#134) is **DENIED as moot;**

6. Defendants' motion for enlargement of time to oppose docket #134 (#142) is **DENIED as moot;**

7. Plaintiff's motion to compel the Attorney General's Office to make further inquiry to obtain another address for Rex Reed (#131) is **DENIED;**

8. Plaintiff's motion to serve summons and complaint on Rex Reed through personal service (#132) is **DENIED as moot;**

9. Plaintiff's motion to serve Rex Reed by publication (#132) is **DEFERRED;**

10. Plaintiff's motion for extension of time to serve Rex Reed (#130) is **GRANTED in part;**

11. Plaintiff's motion to compel discovery responses and to comply with orders #108/109 (#143) is **DENIED;**

12. Defendants' motion for enlargement of time to file dispositive motion (#148) is **DENIED as moot.**

**IT IS SO ORDERED**.

DATED: January 24, 2014.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE