UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| KEVIN FERNANDEZ,          ) | |
|                           ) | 3:10-cv-00373-LRH-VPC |
| Plaintiff,                ) | |
|                           ) | |
| v.                        ) | ORDER |
|                           ) | |
| STATE OF NEVADA, *et al.*,) | |
|                           ) | |
| Defendants.               ) | |

Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the Magistrate Judge's Order (Doc. #122[1]) pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule IB 3-1(a). Doc. #139. A magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider a magistrate judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Here, Fernandez objects to the Magistrate Judge's Order denying in part his request for production of his parole board file as it relates to his history of litigation. *See* Doc. #139. Specifically, Fernandez asserts that these documents are public records and should have been produced pursuant to Nevada Revised Statute 179.A100 (1), (5). The Court disagrees and finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law. Nevada Revised Statute 213.1075 specifically provides for the confidentiality of all information obtained by the

---

[1] Refers to the Court's docket entry number.

1  parole board, unless otherwise provided by specific statute. While Nevada Revised Statute
2  179A.100 requires dissemination of "records of criminal history," it does not provide for
3  dissemination of parole board files that are otherwise privileged pursuant to Nevada Revised
4  Statute 213.1075. Moreover, under Nevada Revised Statute 179A.070, "record of criminal
5  history" does not encompass information related to a person's history of litigation. Finally, it
6  was fully within the Magistrate Judge's discretion to conduct an in camera review to determine
7  whether the documents at issue are privileged and confidential. *See Kerr v. U.S. Dist. Court for*
8  *the No. Dist. of Cal.*, 426 U.S. 394, 405-06 (1976) (citing *United States v. Nixon*, 418 U.S. 683,
9  706 (1974)). Fernandez does not object to the manner in which the Magistrate Judge conducted
10 the in camera review in this instance. Accordingly, the Court finds that the Magistrate Judge's
11 determination as to the confidentiality of Fernandez's parole board file as it relates to his history
12 of litigation was not clearly erroneous or contrary to law. Because the Court concludes that the
13 Magistrate Judge's ruling in this regard was not clearly erroneous or contrary to law, the
14 remaining bases on which Fernandez objects to the Magistrate Judge's Order are moot and need
15 not be addressed by the Court. Fernandez's Objection is therefore overruled.

17     IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #139) is
18 OVERRULED.
19     IT IS SO ORDERED.
20     DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE